**Exhibit 1**

August 19, 2010

**<u>Temporary Restraining Orders/Preliminary Injunction</u>**

To justify the grant of temporary restraining order, plaintiff must satisfy the same prerequisites as a party seeking a preliminary injunction. *See Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc,* 965 F.2d 1224, 1228 (2d Cir. 1992). In general, a district court may grant a preliminary injunction where the moving party establishes:

(1) that it is likely to suffer irreparable injury if the injunction is not granted, and

(2) either

(a) a likelihood of success on the merits of its claim, or

(b) the existence of serious questions going to the merits of its claim and a balance of the hardships tipping decidedly in its favor.

*See Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005). "Such relief ... is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Id.* (citation and internal quotation marks omitted).

1

In some cases, however, a significantly higher standard applies. Specifically, "[w]hen, as here, the moving party seeks a preliminary injunction that will affect government action taken in the public interest pursuant to a statutory or regulatory scheme, the injunction should be granted only if the moving party meets the more rigorous likelihood-of-success standard." *Sussman v. Crawford*, 488 F.3d 136, 140 (2d Cir. 2007) (citations omitted). Accordingly, plaintiffs "must establish a clear or substantial likelihood of success on the merits." *Tunick v. Safir*, 209 F.3d 67, 70 (2d Cir. 2000) (citation omitted).